```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FORT SMITH DIVISION
```

ROSS PARKHURST and AMY PARKHURST,
individually and as next friend of
H.P., a minor child under the age
of eighteen                                      PLAINTIFFS

        v.              Civ. No. 07-2068

STEPHEN TABOR, individually and in
his official capacity as Prosecuting
Attorney for Twelfth Judicial District,
Sebastian County, State of Arkansas;
DANIEL SHUE, individually and in his
official capacity as Chief Deputy
Prosecuting Attorney for Twelfth
Judicial District, Sebastian County,
State of Arkansas;
COUNTY OF SEBASTIAN, a body corporate
and politic in the State of Arkansas;
CHAD BELT, an individual                         DEFENDANTS

## ORDER

Before the Court are a motion for partial summary judgment (Doc. 55) filed by Defendant Chad Belt, contending certain of Plaintiffs' claims are time barred, and a motion for partial summary judgment (Doc. 54) filed by Plaintiffs Ross and Amy Parkhurst, individually and as next friend of H.P., a minor child, contending each of Defendant's counterclaims are time barred. Plaintiffs filed claims for battery and outrage, alleging Defendant sexually abused H.P. Defendant denied the allegations and filed counterclaims for defamation, false light invasion of privacy, abuse of process and malicious prosecution. While Defendant acknowledges that Ark. Code Ann. § 16-56-116 tolls the applicable statute of limitations during H.P.'s minority for

claims filed on H.P.'s behalf, Defendant contends Plaintiffs' claims filed on behalf of Ross and Amy Parkhurst, for medical expenses and pain and suffering caused by the alleged conduct, are time barred.  Plaintiffs contend each of Defendants counterclaims are time barred.  For reasons reflected below, the Court finds Defendant's motion should be GRANTED and Plaintiffs' motion should be GRANTED in part and DENIED in part.  Remaining for trial are Plaintiffs' claims brought against Defendant on behalf of H.P. and Defendant's claim for libelous acts occurring within the applicable statutory period.

### a. Plaintiffs' claims brought on behalf of Amy Parkhurst and Ross Parkhurst are time barred

On June 27, 2007, Plaintiffs filed a complaint in this Court, articulating claims for battery and outrage on H.P.'s behalf and on behalf of Plaintiff Amy Parkhurst, H.P.'s biological mother, and Ross Parkhust, H.P.'s adoptive father. In cases involving injury to a minor child, "there are two separate and distinct causes of action: one in favor of the infant for his injuries and one in favor of the parent for losses suffered by the parent." *Parrott v. Mallett*, 558 S.W.2d 152, 153 (Ark. 1977) (citing *Sibley v. Ratliffe*, 8 S.W. 686 (Ark. 1888). Defendant challenges the timeliness of the latter. Defendant relies primarily on *Ball v. Foehner*, in which the Arkansas Supreme Court did not rule on the issue of the Arkansas minors tolling statute but recognized a federal district court

case from the Eastern District of Arkansas in which "[a]fter a lengthy discussion of the types of claims that are recoverable by children and the types of claims that are recoverable by parents for the children's injuries and the different applications of the medical malpractice statute of limitations for parents and children, the federal district court ruled that the parents' claims were time-barred and entered an order granting the hospital's motion for partial summary judgment . . . ." 931 S.W. 2d 142, 143 (Ark. 1996). Plaintiff relies on *Korth v. Am. Family Ins. Co.*, in which the Wisconsin Supreme Court determined that the Wisconsin minors tolling statute applied to derivative claims of parents. 340 N.W. 2d 494, 497 (Wis. 1983). Additionally, Plaintiff cites Arkansas precedents recognizing the derivative nature of a parents suit for injuries to a minor child. (Doc. 63 p. 4.)

The authorities cited by the parties are not determinative. While Plaintiffs are correct that the Parkhursts' claims are derivative to the claims of H.P., *see Kirkendoll v. Hogan*, 593 S.W. 2d 498, 500 (Ark. App. 1980), and thus subject to certain similar requirements, the minors tolling statute at issue here does not extend its scope to derivative claims. Section 16-56-116 permits "any person . . . under twenty-one years of age" to bring an action accrued during their minority within three years of obtaining an age of majority. The Parkhursts are not subject

to a disability, such as being a minor, that would require additional time following the removal of that disability to realize and act upon a cause of action accrued during the disability. There was no impediment to the Parkhursts' suit causing a delay that should not be contemplated by the applicable statute of limitations. Accordingly, Defendant's motion for partial summary judgment on the Parkhursts' claims should be GRANTED.

### b. Defendant's claims not brought within the applicable statutory period are time barred

Certain counterclaims alleged by Defendant are time barred. Arkansas statutes create a one-year statute of limitations for slander claims, ARK. CODE ANN. § 16-56-104, a three-year statute of limitations for libel claims, ARK. CODE ANN. § 16-56-105, and a three-year state of limitations for claims of false light invasion of privacy, malicious prosecution and abuse of process. *O'Mara v. Dykema*, 942 S.W.2d 854 (Ark. 1997).

Defendant alleges numerous acts of defamation occurring in 2003. Defendant alleges a single defamatory act of libel occurring in 2004, within the three-year limitation period. On November 19, 2004 Plaintiffs' private investigator sent a letter to an agent of the Federal Bureau of Investigation, outlining the facts of Plaintiffs' allegations. (Doc. 71 p. 7.) Defendant alleges that letter constitutes a defamatory act which may be imputed to Plaintiffs. As the letter was not a spoken

communication it may not serve as a basis for a claim of slander; nor may the letter support an action for false light invasion of privacy, as the letter was not published to the public at large, as is required for such a claim. *Wood v. National Computer Systems, Inc.*, 643 F. Supp. 1093, 1099 (W.D. Ark. 1986). Thus, Defendant's actions for slander and false light imprisonment are time barred, and Plaintiffs' motion is GRANTED to that extent. Defendant's libel claim made on the basis of the letter is not time barred, and Plaintiffs' motion is DENIED to that extent.

While Defendant argues the statute of limitations should be held not to apply to these claims, his argument is without merit. Defendant cites cases from the Arkansas Supreme Court for the proposition that "a counterclaim arising out of tort, although barred by limitations, is available by way of recoupment against a suit for damages." (Doc. 71 p. 7.) However, those cases address circumstances in which a potential allocation of dual liability or a set-off might reduce the plaintiffs' recovery. While Defendant's counterclaims need not arise out of the same transaction and occurrence as Plaintiffs' claims in order to avoid the requirements of the statute of limitations, *Little Rock Crate & Basket Co. V. Young*, 681 S.W. 2d 388, 389 (Ark. 1984), those claims must be asserted as a set-off or by way of recoupment. Defendant's claims cannot reduce

Plaintiffs' potential recovery or provide recoupment against them, as the success of Defendant's claims is mutually exclusive of the success of Plaintiffs' claims. Defendant's claims cannot offset Plaintiffs' potential recovery, as a finding that Plaintiffs' claims are true would preclude Defendant's recovery. Thus, Defendant's claims are subject to the statute of limitations as described above.

Defendant's claims for malicious prosecution and abuse of process are similarly time barred. Claims for malicious prosecution are subject to a statute of limitations period of three years. *O'Mara*, 942 S.W.2d 854. The period begins to run when criminal proceedings are nolle prossed in favor of the party bringing the claim. *See Sundeen v. Kroger*, 133 S.W. 3d 393 (Ark. 2003). Criminal charges against Defendant were nolle prossed on July 6, 2004. Defendant filed counterclaims for malicious prosecution more than three years subsequent to July 6, 2004. Thus, Defendant's claim for malicious prosecution is time barred. As Defendant does not specifically allege an abuse of process other than the criminal proceeding, and as the institution of this suit cannot serve as the basis for an abuse of process claim, *see Union Nat'l Bank of Little Rock v. Kutait*, 846 S.W. 2d 652, 654 (Ark. 1993), the Court finds Defendant's claim for abuse of process is similarly time barred.

In conclusion, claims remaining for trial consist of

AO72A
(Rev. 8/82)

Plaintiffs' claims brought on behalf of H.P. and Defendant's claim for libel based on acts committed within the three-year statute of limitations period.  Plaintiff's claims brought on behalf of Amy and Ross Parkhurst are time barred.  Defendant's claims filed subsequent to the statutory period are time barred. Plaintiff's motion is thus GRANTED in part and DENIED in part, and Defendant's motion is GRANTED.

This matter is currently set for trial on Monday, June 16, 2008.  In order to accommodate a pre-trial hearing, the Court reschedules the matter to **Tuesday, June 17, 2008 at 9:00 a.m.** The pre-trial hearing is scheduled for **Monday, June 16, 2008 at 3:00 p.m.**

IT IS SO ORDERED this 2nd day of June, 2008.

> */s/ Robert T. Dawson*
> Honorable Robert T. Dawson
> United States District Judge