IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


ROSS PARKHURST and AMY PARKHURST,
individually and as next friend of
H.P., a minor child under the age
of eighteen                                          PLAINTIFFS

        v.                     Civ. No. 07-2068

CHAD BELT, an individual                              DEFENDANT


**O R D E R**

Before the Court are LeAnn Hackler, Lee Hackler, and Patricia Hackler's (hereinafter "Hacklers") Objections To and Appeal of the Magistrate's Order Denying Their Motion to Quash Subpoenas or For Protective Order (Doc. 154) and LeAnn Hackler's Motion for Order to Declare Payover Order Subordinate to Child Support Obligation (Doc. 157).

**A. The Hacklers' Motion to Quash**

On February 23, 2009, the Court referred the Hacklers' Motions to Quash to the Honorable James R. Marschewski for disposition (Doc. 137). Judge Marschewski held a hearing on the Motions on March 26, 2009 and issued an order Denying the Motions to Quash on March 27, 2009 (Doc. 153). The Hacklers seek reconsideration of Judge Marschewski's Decision. Under Local Rule 72.1(VIII)(B) "The District Judge shall affirm the Magistrate Judge's finding unless he finds them to be clearly erroneous or contrary to law." In paragraph 10 of their brief,

the Hacklers specify their objection as a claim that the ruling was contrary to law. The Hacklers identify Arkansas statutes allowing spouses separate property and affirming the proposition that spouses are not liable for each others debts as laws contrary to the Order.  Since Chad Belt's assets, including marital property, are subject to seizure, discovery concerning the extent of these assets is not contrary to laws allowing separate property. The order denying the Motions to Quash (Doc. 153) is hereby **AFFIRMED** and the Motion to Set Aside (Doc. 154) is **DENIED.**

## B. Motion to Declare Payover Subordinate

The Court's Payover Order (Doc. 122) ordered payment of "twenty-five percent (25%) of Separate Defendant Chad Belt's net wages after allowable deduction each pay period, in compliance with the Writ of Garnishment." The Writ of Garnishment (Doc. 109) states that "under Arkansas law, income withholding for child support has a priority over all other legal process. Under federal law, the total amount to be withheld cannot exceed the maximum amount allowed under § 303(B)." Federal and state statutes both award priority for child support over other garnishments. 28 U.S.C. § 3205(c)(8); Ark. Code Ann. § 9-14-219. The Court hereby affirms the requirement of payment in compliance with the Writ of Garnishment (Doc. 109) and **DECLARES** the child support obligations superior, as required by both

AO72A
(Rev. 8/82)

state and federal statute. LeAnn Hackler's Motion to Declare Payover Subordinate to Child Support Obligations (Doc. 157) is hereby **GRANTED.**

## C. Conclusion

The Hacklers' Motion to Set Aside Order Denying the Motion to Quash (Doc. 154) is **DENIED** and the Magistrate's Order (Doc. 153) is **AFFIRMED.** LeAnn Hackler's Motion to Declare Payover Subordinate to Child Support Obligations (Doc. 157) is **GRANTED.** Belt's employer is hereby **ORDERED** to withhold and pay child support first.

IT IS SO ORDERED this 1st day of June, 2009.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge

**AO72A**
**(Rev. 8/82)**