IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROSS PARKHURST and AMY PARKHURST,                                                   PLAINTIFF
individually and as guardians and next friends of
H.P., a minor child under the age of eighteen

    v.                                      No. 07-CV-2068

STEPHEN TABOR, individually and in his                                              DEFENDANT
official capacity as Prosecuting Attorney for
Twelfth Judicial District, Sebastian County
State of Arkansas; DANIEL SHUE, individually
and in his official capacity as Chief Deputy
Prosecuting Attorney for Twelfth Judicial District,
Sebastian County, State of Arkansas; COUNTY
OF SEBASTIAN, a body corporate and politic
in the State of Arkansas; CHAD BELT, an
individual

## **O R D E R**

Before the court is Respondents Lee and Patricia Hackler's Motion to Review Tax Returns *In Camera* filed on June 24, 2009. (Doc. 168). The matter has been referred to the undersigned for disposition by Order (Doc. 170) entered June 25, 2009.

**I.    Background:**

On June 24, 2008, a Judgment was entered finding Plaintiffs should recover from Defendant Chad Belt (hereinafter "Defendant Belt") compensatory damages in the amount of $250.000.00, and punitive damages in the amount of $750,000.00, plus interest from the date of the Judgment until paid at the current post-judgment rate of 2.75% per annum. (Doc. 94).

On February 12, 2009, Plaintiffs attorneys issued three identical subpoenas duces tecum to Lee Hackler, Patricia Hackler and Hackler Real Estate. On the same date, Plaintiffs attorneys

issued subpoenas to four banks requesting information from 2001 to the present in connection with any accounts in which LeAnn Hackler has an interest or signatory authority.

On February 17, 2009, Respondents Lee and Patricia Hackler filed their Motions to Quash the three subpoenas served upon them or for a protective order limiting the extent of discovery. (Doc. 131, 133). On February 19, 2009, Respondent LeAnn Hackler filed her Motion to Quash the subpoenas issued or for a protective order limiting the extent of discovery. (Doc. 135).

On March 26, 2009, the undersigned held a hearing on the Motions to Quash. By Order dated March 28, 2009, the undersigned denied Respondents motions. (Doc. 153).

Respondents appealed the March 28, 2009, decision. On June 1, 2009, United States District Judge Robert T. Dawson affirmed the Order denying the Motions to Quash. (Doc. 166).

On June 24, 2009, Respondents filed a Motion to review Respondents tax returns *in camera*. Respondents state with the exception of the personal income tax returns of Lee and Patricia Hackler the subpoenas have been answered. (Doc.169). Respondents provided said returns to the court for an *in camera* review. The undersigned reviewed the personal income tax returns of Lee and Patricia Hackler.

## II.    Discussion:

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The rules for depositions and discovery "are to be accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The right to conduct discovery applies both before and after judgment. *See United States v.*

*McWhirter*, 376 F.2d 102, 106 (5th Cir.1967). The law allows judgment creditors to conduct full post-judgment discovery to aid in executing a judgment. *Credit Lyonnais, S.A. v. SGC Intern., Inc.*, 160 F.3d 428, 430 (8th Cir. 1998) (citations omitted); FED.R.CIV.P 69(a)(2). Furthermore, the Federal Rules of Civil Procedure also permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." FED.R.CIV.P. 26(b)(1). "Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

Under Arkansas law, marital property and jointly-owned assets are subject to execution and/or garnishment. ARK.CODE.ANN.§ 16-66-201. Marital property is defined as all property acquired by either spouse subsequent to the marriage except:

> 1) Property acquired prior to marriage or by gift or by reason of the death of another, including, but not limited to, life insurance proceeds, payments made under a deferred compensation plan, or an individual retirement account, and property acquired by right of survivorship, by a trust distribution, by bequest or inheritance, or by a payable on death or a transfer on death arrangement;
> (2) Property acquired in exchange for property acquired prior to the marriage or in exchange for property acquired by gift, bequest, devise, or descent[.]...

A.C.A.§ 9-12-315.

Plaintiffs want to examine the records and documents requested to determine how LeAnn Hackler and Defendant Belt held their property that has been acquired during the course of their relationship; to determine to what extent, if any, LeAnn Hackler and Defendant Belt have co-mingled assets that LeAnn Hackler claims are owned by her separately; and to determine if "gifts" to LeAnn Hackler from her parents family business is actually disguised employment compensation or other compensation to LeAnn Hackler for services rendered to the family business.

AO72A
(Rev. 8/82)

As noted above, Respondents moved to quash the subpoenas requesting that Respondents produce documents including "all state and federal tax returns filed by the [Respondents] from 2001 to the present." On March 28, 2009, the undersigned denied the motion to quash. On June 1, 2009, United States District Judge Robert T. Dawson affirmed the Order denying the Motions to Quash.

The facts previously presented in this case have not changed. Plaintiffs clearly state they have requested information to determine if "gifts" to LeAnn Hackler from her parents family business is actually disguised employment compensation or other compensation to LeAnn Hackler for services rendered to the family business. As Hackler Real Estate is not an entity and does not file a tax return this information can only be obtained through Respondents personal state and federal returns.

### III.   Conclusion:

Based on the above, and after reviewing the material *in camera*, the undersigned finds no reason to alter the order previously entered. Accordingly, the undersigned directs Respondents produce the tax returns in question to Plaintiffs no later than July 28, 2009.

IT IS SO ORDERED this 30th day of June, 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)